IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | FILED: APRIL 29, 2008 |
| v. | ) ) | No. 08CV2451 RCC |
| O.C.C. & D., INC., JOSEPH OLIVIERI CONSTRUCTION, INC., and JOSEPH J. OLIVIERI, | ) ) ) ) | Judge JUDGE COAR MAG. JUDGE VALDEZ |
| Defendants. | ) | Mag. Judge |

**COMPLAINT**

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorneys, Terrance B. McGann and Gregory N. Freerksen, complain of the Defendants, O.C.C. & D., INC., JOSEPH OLIVIERI CONSTRUCTION, INC. and JOSEPH J. OLVIERI as follows:

**Alter-Ego Audit Refusal**

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE

1

PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Carpenters Union" or "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Defendant O.C.C. & D., INC. is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

4. The Agreement and the Collective Bargaining Agreements also binds Defendant JOSEPH OLIVIERI CONSTRUCTION, INC., to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

5. The Agreement also binds Defendant JOSEPH J. OLIVIERI who from time to time performs business under the assumed names of OLIVIERI CONSTRUCTION COMPANY & DEVELOPMENT and OCC&D. The conduct of such business under these assumed names is not authorized by the Office of the Illinois Secretary of State nor are these names registered pursuant to the Assumed Business Name Act, 805 ILCS 405/0.01 et seq.

6. Defendant O.C.C. & D., INC. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Defendant O.C.C. & D., INC. is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

7. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Defendant O.C.C. & D., INC. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

8. The Trust Funds attempted to conduct an audit of Defendant O.C.C. & D.'s books and records for the period of October 2005 through the present and during the course of that incomplete audit the auditors discovered a possible related company, Defendant JOSEPH OLIVIERI CONSTRUCTION, INC.

9. In addition, the auditors discovered that Defendant JOSEPH J. OLIVIERI was a related sole proprietorship from time to time operating under the assumed names of OCC&D and Olivieri Construction Company & Development and further discovered that this sole proprietorship was a business related to Defendant O.C.C. & D., INC.

10. A request was made to review the books and records of JOSEPH OLIVIERI CONSTRUCTION, INC. and of JOSEPH J. OLIVIERI for the same audit period and while such audit was initially allowed by Defendants; the audit was soon refused and terminated prior to the time that such audit could be completed.

11. The auditors preliminary findings based upon the incomplete audit of O.C.C. & D., INC., JOSEPH OLIVIERI CONSTRUCTION, INC. and JOSEPH J. OLIVIERI revealed at least $32,055.65 in contributions owed to the Trust Funds.

12. JOSEPH OLIVIERI CONSTRUCTION, INC. is related to O.C.C. & D., INC. and performs bargaining unit work.

13. JOSEPH J. OLIVIERI is a sole proprietorship related to O.C.C. & D., INC. and performs bargaining work.

14. JOSEPH OLIVIERI CONSTRUCTION, INC. is a disguised continuance of O.C.C. & D., INC. and/or participated with O.C.C. & D., INC. in avoiding its Trust Fund obligations.

15. JOSEPH OLIVIERI CONSTRUCTION, INC. is the alter ego of O.C.C. & D., INC. or is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from JOSEPH OLIVIERI CONSTRUCTION, INC. to the terms of the Collective Bargaining Agreement and Trust Agreements.

16. The sole proprietorship of JOSEPH J. OLIVIERI is a disguised continuance of O.C.C. & D., INC. and/or participated with O.C.C.& D., INC. in avoiding its Trust Fund obligations.

17. The sole proprietorship of JOSEPH J. OLIVIERI is the alter ego of O.C.C.& D, INC., or is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from JOSEPH J. OLIVIERI to the terms of the Collective Bargaining Agreements.

18. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, all the Defendants are required to pay liquidated damages, interest, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. Plaintiffs have been required to employ the undersigned attorneys to collect monies shown due and owing as a result of the audit.

21. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

22. Pursuant to 29 U.S.C. §1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

    (a) double interest; or
    (b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That Defendants O.C.C. & D., INC., JOSEPH OLIVIERI, INC., and JOSEPH J. OLIVIERI be ordered to produce all books, records, electronic records and information to complete the audit as requested by the Plaintiffs.

B. That the Court find that the Defendants, JOSEPH OLIVIERI CONSTRUCTION, INC., and JOSEPH J. OLIVIERI be held jointly and severally liable as an alter-ego entity with O.C.C. & D., INC., and as such, all Defendants be liable for the $32,055.65 in contributions shown to be owed as a result of the preliminary findings of such audit.

C. That JOSEPH OLIVIERI CONSTRUCTION, INC. and JOSEPH J. OLIVIERI be held jointly and severally liable as an alter-ego entity with O.C.C. & D., INC., and as such, all Defendants be liable to pay such additional contributions as may be shown as a result of the audit once it is finally completed.

D. That the Defendants, O.C.C. & D, INC, JOSEPH OLIVIERI CONSTRUCTION, INC., and JOSEPH J. OLIVIERI be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

E. That the Defendants, O.C.C. & D, INC., JOSEPH OLIVIERI CONSTRUCTION, INC., and JOSEPH J. OLIVIERI be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

F. That the Defendants, O.C.C. & D., INC. JOSEPH OLIVIERI CONSTRUCTION, INC., and JOSEPH J. OLIVIERI be ordered to pay the reasonable attorney fees and costs and audit costs incurred by the Plaintiffs. 29 U.S.C. §1132.

G. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' cost.

6

        CHICAGO REGIONAL COUNCIL OF
        CARPENTERS PENSION FUND, et al.


        By:  /s/ Gregory N. Freerksen
        One of the attorneys for Plaintiffs


Terrance B. McGann (ARDC #6199967)
Gregory N. Freerksen (ARDC #0874612)
WHITIFIELD, McGANN & KETTERMAN
111 East Wacker Drive, Suite 2600
Chicago, IL  60601
(312) 251-9700
(312) 251-9701 (fax)
gfreerksen@whitfield-mcgann.com